IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:22-cr-165 |
| v. ) | Hon. Michael S. Nachmanoff |
| ) | |
| HATCHET M. SPEED, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION
OF PRIOR EVIDENTIARY RULING PRECLUDING EVIDENCE OF LACK OF
KNOWLEDGE THAT THE DEVICES AT ISSUE QUALIFIED AS "SILENCERS"
UNDER FEDERAL LAW**

Comes now defendant Hatchet M. Speed, by counsel Brooke S. Rupert and Courtney Dixon, and moves this Court pursuant to Federal Rule of Civil Procedure 54(b) to reconsider, in part, its Order of December 7, 2022 (ECF No. 83), which granted in part the Government's Motion in Limine (ECF No. 37). Specifically, Mr. Speed moves the Court to permit the defense—based upon *United States v. Heyward*, 42 F.4th 460, 464 (4th Cir. 2022) (Op. for majority by Heytens, J.)—to introduce at trial evidence that Mr. Speed did not knowingly possess a "silencer," including his prior recorded statement that "if you drill [into the solvent trap] and you don't submit the Form One, then now you're a felon."

In *Heyward*, the Fourth Circuit vacated a defendant's 18 U.S.C. § 922(g) conviction based in part on a hearing transcript in which the defendant was asked whether he was "legally allowed to have a gun," and he responded "that he had 'owned a gun before in [his] name . . .' and that he was '*not a felon right now*, so [he could] get one.'" *Heyward*, 42 F.4th at 468 (emphasis in orig.). The court relied on this statement *not* to establish that the defendant did not understand the legal

consequences of his previous conviction, *but rather* to support the defendant's claim that he did not know a fact – his status as a felon – that resulted in legal consequences.

Moreover, the majority opinion in *Heyward* distinguished *United States v. Moody*, 2 F.4th 180 (4th Cir. 2021), relied upon by the dissent and the principal authority cited by the government in its Motion in Limine for the argument that "whether Speed thought the devices did not become a 'silencer' and subject to the NFA's registration requirement until the holes in the front end-caps were completed" is irrelevant. ECF No. 37 at 13-14 (citing *Moody*). The government has charged Mr. Speed with "knowingly possess[ing] . . . silencer[s] (as defined in section 921 of Title 18 of the United States Code)." Indictment, ECF 1. Evidence that Mr. Speed did not know he possessed a "silencer" as defined by federal law is just as relevant as evidence that the defendant in *Heyward* did not know he was a felon as defined by federal law.

## **ARGUMENT**

I.     Standard of Review

Although the Federal Rules of Criminal Procedure do not specifically address motions to reconsider, courts in criminal cases apply standards derived from the Federal Rules of Civil Procedure. *See United States v. Young*, 260 F. Supp. 3d 530, 555 (E.D. Va. 2017) ("There is no provision in the Federal Rules of Criminal Procedure governing motions for reconsideration, therefore courts are guided by analogy to the standards established by the civil rules."). Rulings as to the admissibility of evidence are non-final and interlocutory, *Di Bella v. United States*, 369 U.S. 121, 131 (1962), and Federal Rule of Civil Procedure 54(b) provides that non-final orders "may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b).

Accordingly, with respect to non-final interlocutory rulings, the Court "retains the power to reconsider and modify its interlocutory orders ... at any time prior to final judgment." *Am.*

*Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). The resolution of motions to reconsider pursuant to Rule 54(b) are "committed to the discretion of the district court," which may be exercised "as justice requires." *Id*. at 515. While the court's authority to reconsider interlocutory orders "may be tempered at times by concerns of finality and judicial economy," "[t]he ultimate responsibility of the federal courts ... is to reach the correct judgment under law." *Id*. at 515; *accord Nadendla v. WakeMed*, 24 F.4th 299, 304 (4th Cir. 2022) (quoting *Am. Canoe Ass'n*); *cf. United States v. Todd*, 920 F.2d 399, 402 (6th Cir. 1990) (noting that following a mistrial, court was "not bound by prior evidentiary rulings made during the course of a prior proceeding, but may, in its discretion, reconsider such rulings"). Because *United States v. Heyward*, 42 F.4th 460 (4th Cir. 2022), was not previously cited to the Court, we respectfully request that the Court reconsider its previous ruling in light of this binding precedent.

II.   *Heyward* Establishes that Evidence of a Defendant's Knowledge of their Status as a Felon is Admissible and Distinct from Evidence that a Defendant Did Not Understand the Legal Consequences of their Known Felon Status.

In *United States v. Moody*, 2 F.4th 180 (4th Cir. 2021), the defendant stipulated both that he was a convicted felon and that he knew "he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year." *Id.* at 197. Nonetheless, he argued that pursuant to *Rehaif v. United States*, 139 S. Ct. 2191, 2197 (2019), the government was required to prove "not just knowledge of status *but also knowledge that this status prohibits firearm possession*." *Id.* at 197 (emphasis added). The Fourth Circuit rejected that argument, and held that the government is not required to prove the defendant knows the legal consequences of a known status as a felon. *Id.*

In *United States v. Heyward*, 42 F.4th 460 (4th Cir. 2022), by contrast, the defendant had previously been convicted in South Carolina of "misdemeanor" possession of cocaine punishable

3

by up to 3 years of imprisonment. Heyward received a one-year suspended sentence and six months of probation. He subsequently pleaded guilty in federal court to possessing a firearm while he was a convicted felon in violation of 18 U.S.C. § 922(g), because state misdemeanors punishable by more than two years of imprisonment satisfy the federal definition of a felony in 18 U.S.C. § 921 for purposes of § 922(g) offenses. While his appeal was pending, the Supreme Court decided *Rehaif v. United States*. "In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) (emphasis in orig.).[1]

The question in *Heyward* was whether, on plain error review, the defendant could establish a reasonable likelihood that he would have gone to trial instead of pleaded guilty if he had been properly advised of the government's burden to prove his knowledge of "the relevant fact—that is, his status as a felon—that made it unlawful for him to possess a firearm." 42 F.4th at 467. And there was substantial evidence that the defendant had "repeatedly insisted that he had not known of the relevant fact," because he said on multiple occasions that he had not been convicted of any felony offenses. *Id.* at 467-68. Such out-of-court statements were admissible precisely because they would not be offered for the truth of the matter asserted: that the defendant had *not* been convicted of a "felony." *Cf.* Fed. R. Evid. 801(c). On the contrary, such statements would have been admissible because they were not accurate, and instead reflected the defendant's lack of knowledge of "the relevant fact" – status as a felon under federal law – that triggered legal consequences. *Id.*

---

[1] "Without knowledge of that status, the defendant may well lack the intent needed to make his behavior wrongful. His behavior may instead be an innocent mistake to which criminal sanctions normally do not attach." *Rehaif*, 139 S. Ct. at 2197.

The majority emphasized the lack of clarity in the statutory scheme, one that required cross-referencing other statutes for further explanation. As the court noted, the word "felon" "lacks some precision: What the statutory text forbids is possessing a firearm after having been convicted of 'a crime punishable by imprisonment for a term exceeding one year,' and even that is an overly broad shorthand for what the statute actually forbids." *Heyward*, 42 F.4th at 469. In highlighting the confusing nature of the statute, the court reiterated that "the question under *Rehaif* is whether Heyward knew 'he belonged to the relevant category of persons,' 139 S. Ct. at 2200, not whether he knew the 'legal consequences' of his conviction, *Moody*, 2 F.4th at 198." *Id.* Because of evidence in the record that Heyward did not know he was a "felon" at the time of his firearm possession, the court vacated his guilty plea.

Judge Agee wrote a dissenting opinion on the ground that, in his view, the defendant had failed to satisfy plain error. Specifically, relying on M*oody*, Judge Agee argued that the defendant had failed to "produce some evidence tending to show that he did not know that his South Carolina cocaine possession offense was punishable by a term of imprisonment exceeding two years." *Id.* at 477. According to Judge Agee, the defendant's mistaken belief that he was not a "felon" was insufficient to satisfy plain error.

III.   <u>Mr. Speed Should be Allowed to Introduce Evidence of Whether He Knowingly Possessed "Silencers" As Defined by Federal Law.</u>

The relevant fact at issue in this case is not status as a felon but rather possession of a device that satisfies the federal definition of a "silencer" pursuant to 18 U.S.C. § 921(a)(24). But like the word "felon" for purposes of § 922(g), the word "silencer" for purposes of § 921 "lacks some precision." *Cf. Heyward*, 42 F.4th at 469.

Section 921(a)(24) defines a firearm silencer as "any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or

5

redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication." 18 U.S.C. § 921(a)(24). Under the government's view, this definition includes devices designed and intended to diminish the report of a firearm, regardless of the device's capability to function in its present form as a silencer. *But see Innovator Enterprises, Inc. v. Jones*, 28 F. Supp. 3d 14, 28 (D.D.C. 2014) ("If, as ATF asserts, the only relevant question to classifying a silencer is its purpose, then a pink silk ribbon tied in a bow around the barrel of a rifle could be a 'firearm silencer'—as long as the ribbon's (delusional) inventor designed the ribbon with the hopes that it could be used 'for diminishing the report' of a gunshot."). Moreover, unlike firing a "fully automatic weapon" in which "the regulated characteristics of the weapon [are] immediately apparent to its owner," "the same cannot always be said for a person who fires a pistol with a silencer attached." *United States v. Sanders*, 240 F.3d 1279, 1283 (10th Cir. 2001).

But even assuming that the government is correct that the solvent traps possessed by Mr. Speed satisfy in their present unmodified form the federal definition of a "silencer," Mr. Speed should be allowed to introduce evidence that he did not *know* he possessed devices that "belonged to the relevant category" at issue. In other words, just as the court in *Heyward* relied upon the defendant's prior statements that he was "not a felon right now, so [he could] get [a firearm]," 42 F. 4th at 468, the Court should permit Mr. Speed to introduce his prior statement that "if you drill [into the solvent trap] and you don't submit the Form One, then now you're a felon." Such statements are admissible because, under Federal Rule of Evidence 401, they tend to make it more probable that the defendant did not know of a relevant fact – here, knowing possession of a "silencer" as defined by federal law – because of the defendant's mistaken belief that the devices he possessed did not constitute "silencers." Just as the defendant in *Heyward* would be permitted

6

to introduce evidence of his mistaken belief that he was not a "felon," Mr. Speed should be permitted to introduce evidence of his belief that the devices he possessed were not "silencers."

To be clear, such evidence is distinct from a mistake of law defense. A mistake of law is defined as a lack of knowledge of the *legal consequences* that arise from *acknowledged conduct*. As the court explained in *Heyward*, "Moody's *Rehaif* claim failed because he asserted a classic (and classically flawed) mistake-of-law defense, insisting that the government should have been required to prove not only that he understood the nature of his previous conviction but *also* that he knew his conviction had made it illegal for him to possess a firearm." 42 F. 4th at 466 (emphasis in orig.). The government is not required to prove knowledge of the legal consequences arising from acknowledged status as a felon, or knowledge of the legal consequences arising from the knowing possession of silencers.

Mr. Speed is not seeking to present a defense that he did not know of the legal requirement to register silencers, or the legal prohibition on the possession of unregistered silencers. Those are legal consequences arising from the possession of devices that qualify as "silencers" under federal law. Instead, he seeks to present the defense that he "had not known of the relevant fact—that is, [the devices he possessed qualified as 'silencers']—that made it unlawful for him to possess [them without registering them]." *Cf. Heyward*, 42 F. 4th at 467. Pursuant to *Heyward*, such evidence is admissible.

## **CONCLUSION**

For the foregoing reasons, Mr. Speed respectfully submits that this Court should reconsider in part its Order of December 7, 2022 (ECF No. 83), and permit Mr. Speed to introduce evidence at trial that he did not knowingly possess "silencers" as defined by federal law, as charged in the indictment.

7

Respectfully submitted on January 3, 2023.

        **HATCHET SPEED**
        by counsel:

        Geremy C. Kamens
        Federal Public Defender for the
        Eastern District of Virginia

        by: /s/_____
        Courtney Dixon
        *Pro hac vice*
        DC Bar No. 1766415
        Assistant Federal Public Defender
        1650 King Street, Suite 500
        Alexandria, Virginia 22314
        Telephone: (703) 600-0800
        Facsimile: (703) 600-0880
        courtney_dixon@fd.org

        Brooke Rupert
        VA Bar No. 79729
        Assistant Federal Public Defender
        1650 King Street, Suite 500
        Alexandria, Virginia 22314
        Telephone: (703) 600-0800
        Facsimile: (703) 600-0880
        brooke_rupert@fd.org