IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:22-CR-165 |
| v. | ) | The Honorable Michael S. Nachmanoff |
| HATCHET M. SPEED, | ) | Trial: January 17, 2023 |
| Defendant. | ) | |

**GOVERNMENT'S MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF THE SEIZURE OF THE HAWK INNOVATIVE TECH WEBSITE**

In advance of the retrial of the defendant, Hatchet Speed, the government moves for the Court to take judicial notice of the fact that the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has seized Hawk Innovative Tech's website. As demonstrated below, this fact is not reasonably in dispute. And it is relevant to rebutting Speed's defense that the government allowed Hawk Innovative Tech to sell its devices online but then arbitrarily prosecuted him for possessing the devices.

Under the federal rules of evidence, the Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court "must take judicial notice if a party requests it and the [C]ourt is supplied with the necessary information." *Id.* R. 201(c)(2). "In a criminal case, the [C]ourt must instruct the jury that it may or may not accept the noticed fact as conclusive." *Id.* R. 201(f).

The fact that the ATF has seized Hawk Innovative Tech's website can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. If one simply enters the address for the website (www.hawkinnovativetech.com) in an internet browser, that

person is automatically redirected to an ATF webpage, which states that the Hawk Innovative Tech website has been seized.  *See* Ex. A.  The seized website is currently the subject of a civil forfeiture action in the Northern District of Georgia.  *See United States v. Assorted Firearm Silencers, Assorted Firearm Silencer Parts & the Domain Name Hawkinnovativetech.com*, No. 3:21-cv-00213-TCB (N.D. Ga.).  The records in that action show that the website had been seized on or about April 14, 2021.  *See, e.g.*, Verified Compl. for Forfeiture ¶¶ 6-8, *United States v. Assorted Firearm Silencers, Assorted Firearm Silencer Parts & the Domain Name Hawkinnovativetech.com*, No. 3:21-cv-00213-TCB (N.D. Ga. Dec. 15, 2021) (Dkt. No. 1) ("The ATF seized the defendant internet domain name *www.hawkinnovativetech.com* on or about April 14, 2021, pursuant to a federal seizure warrant issued by a United States Magistrate Judge in the Northern District of Georgia.  The United States Magistrate Judge issued the seizure warrant for the defendant domain name www.hawkinnovativetech.com pursuant to 26 U.S.C. § 7302.  In issuing the seizure warrant for the domain name, the Magistrate Judge required Verisign Inc. and FastDomain Inc., which are described more fully below, to restrain and lock the domain name hawkinnovativetech.com and turn it over to the ATF.").

      That the ATF has seized Hawk Innovative Tech's website is a relevant fact.  "Evidence is relevant if . . . (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  "The governing hypothesis of any criminal prosecution, for the purpose of determining relevancy of evidence introduced, consists of elements of the offense charged and any relevant defenses raised to defeat criminal liability."  *United States v. Walker*, 32 F.4th 377, 388 (4th Cir. 2022) (quoting *United States v. Lamberty*, 778 F.2d 59, 60-61 (1st Cir. 1985)).

In the first trial of this case, the defense argued that Speed was able to legally purchase the Hawk Innovative Tech devices online. In particular, counsel stated the following:

> On March 17, 2021, Mr. Speed sat at his computer, he logged onto the Internet, he went to a website, and he ordered three solvent traps in the same way that we go on Amazon and order food or clothes or other household items. Why was he able to do that? Because it wasn't illegal. As you heard in the testimony, these solvent traps could be found in stores, online. They were easy and accessible to anyone because they are not illegal.

Ex. B, at 4. Later in closing argument, counsel argued, "So if you go back in the jury room and you're questioning how the ATF can just arbitrarily regulate something that is purchased legally online and in stores, that is reasonable doubt." *Id.* at 6-7. The implication was that the government allowed people to purchase the Hawk Innovative Tech devices online because they were not illegal but then arbitrarily prosecuted Speed for possessing such device.[1]

The ATF's seizure of Hawk Innovative Tech's website is an important fact to rebut that defense. *See United States v. Forrest*, 429 F.3d 73, 80 (4th Cir. 2005) (holding that the defendant's "defense theories made" contested evidence "highly relevant"). It shows that the government has not acquiesced to the legality of the sale of the Hawk Innovative Tech devices. On the contrary, it shows that the government has taken action to stop the sale of such devices by Hawk Innovative Tech, making this situation very different from "go[ing] on Amazon and order[ing] food or clothes or other household items, " Ex. B, at 4.

* * * * *

For the foregoing reasons, the government requests that the Court take judicial notice, and orally inform the jury, of the following fact: "The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has seized Hawk Innovative Tech's website, www.hawkinnovativetech.com."

---

[1] The relevance of the evidence is further demonstrated by the fact that one of the jurors had done outside research by looking up the website for Hawk Innovative Tech. *See* Ex. C, at 2.

Respectfully submitted,

Jessica D. Aber
United States Attorney

_____/s/_____
Thomas W. Traxler
Amanda Lowe
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3746
Facsimile (703) 299-3980
Email: Thomas.traxler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of January, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/
Thomas W. Traxler
Assistant United States Attorney